# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN THE BANKRUPTCY MATTER OF:

Thomas Edward Adams and Pamela Grace Adams

Debtor(s)

Chapter 13   No.   13-38554

Judge    A. Benjamin Goldgar

Hearing Date:

11/22/2013 at 9:30 a.m.

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

| To: | Thomas Edward Adams and Pamela Grace Adams<br>1308 20th Street<br>Zion, IL 60099 | Glenn B Stearns<br>801 Warrenville Road<br>Suite 650<br>Lisle, IL 60532 | Mohammed O. Badwan<br>Sulaiman Law Group, LTD<br>900 Jorie Blvd Ste 150<br>Oak Brook, IL 60523 |
|---|---|---|---|

PLEASE TAKE NOTICE that on November 22, 2013 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar in Room , North Branch Court, 1792 Nicole Lane, Round Lake Beach, Illinois, and present the attached motion, at which time and place you may appear if you wish.

/s/John Crees
John Crees

## PROOF OF SERVICE

I, the undersigned, an attorney, certify that I served the Debtor(s) by regular mail at the address above, and Mohammed O. Badwan and Glenn B Stearns through the Court ECF system on or before November 12, 2013.

/s/John Crees
John Crees

John Crees, ARDC# 6299569
Kluever and Platt, LLC
65 E. Wacker Pl., Ste. 2300
Chicago, IL 60601
(312) 236-0077

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTION
PRACTICES ACT, (the "Act"), 15 U.S.C. § 1601**

WE UNDERSTAND THAT Thomas Edward Adams and Pamela Grace Adams (THE "DEBTOR(S)") ARE/IS UNDER THE PROTECTION OF THE BANKRUPTCY CODE. THIS NOTICE IS NOT A REQUEST FOR PAYMENT AND IS SENT SOLELY FOR INFORMATIONAL PURPOSES.

1. Kluever & Platt, LLC (the "Firm") is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Thomas Edward Adams and Pamela Grace Adams
c/o Mohammed O. Badwan
Sulaiman Law Group, LTD
Oak Brook, IL 60523

2. The creditor is the Movant of the attached pleading. The creditor as named in the attached Motion for Relief from Stay is the creditor to whom the debt is owed.

3. The amount of the debt is stated in paragraph 7 of the attached Motion for Relief from Stay. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown in Paragraph 7 to your mortgage servicer, an adjustment may be necessary after they receive your check. If you are represented by counsel and need further information, please have your attorney contact our office. If, on the other hand, you are not represented by counsel and require further information, please contact our office.

4. The debt described in the Motion for Relief and evidenced by the copy of the mortgage and note will be assumed to be valid by the Firm, unless the debtor(s), within thirty days of the receipt of this notice, dispute(s) the validity of the debt, or some portion thereof.

5. If the debtor(s) notify the Firm in writing (at the address below in paragraph 8) within thirty days of receipt of this notice that the debt or any portion thereof is disputed, the Firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor(s) by our Firm.

6. If the creditor named in the attached Motion for Relief from Stay is not the original creditor, and if the debtor(s) make(s) a written request to the Firm within thirty days of receipt of this notice, the Firm will mail the name and address of the original creditor to the debtor(s).

7. The above described rights pertains to your dealings with the Firm as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must object to the motion. The notice of the motion/other pleading is a command from the court, not from the Firm, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this notice does not affect the Firm's relations with the court and we may file papers in the suit according to the court's rules and the judge's instructions.

8. Written requests should be addressed to Kluever & Platt, LLC, 65 E. Wacker Place, Ste. 2300, Chicago, IL 60601. Telephone 312-236-0077.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

*Thomas Edward Adams and Pamela Grace Adams*,

      Debtor(s).

Chapter 13
Case No. 13-38554

**AGREED MOTION FOR ENTRY OF STIPULATION GRANTING RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**

Bank of America, N.A. ("Movant") and Thomas Edward Adams and Pamela Grace Adams (the "Debtors") hereby move this Court for entry of the attached stipulation granting relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 1308 20th Street, Zion, IL, 60099 (the "Property"). The Required Statement is attached hereto as Exhibit "D", in accordance with Local Rule 4001-1. In further support of this Agreed Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on 9/30/2013.

2. The Debtors filed a Chapter 13 Plan on 9/30/13 that states in Paragraph G that the "Debtors are surrendering the real property located at 1308 20th Street, Zion, Illinois to Bank Of America, N.A., in full satisfaction of its claims."

3. A hearing to consider confirmation of the Chapter 13 Plan of the Debtor(s) is scheduled for 12/13/13.

4. The Debtor(s) has/have executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original principal amount of $214,672.00 (the

"Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

5. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit "B".

6. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit "C".

7. As of the 9/30/2013, the unpaid principal balance is: $195,794.60.

8. The estimated market value of the Property is $139,326.00. The basis for such valuation is the Debtor(s)' schedules.

WHEREFORE, Movant and Debtors pray that this Court enter the attached agreed stipulation modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4.  For such other relief as the Court deems proper.

November 11, 2013,

| | |
|---|---|
| /s/ John Crees | /s/ Mohammed O. Badwan |
| Attorney for Movant | Attorney for Debtor |
| | |
| John Crees, Kluever and Platt, LLC | Sulaiman Law Group, LTD |
| 65 E. Wacker Pl., Ste. 2300 | 900 Jorie Blvd Ste 150 |
| Chicago, IL 60601 | Oak Brook, IL 60523 |
| 312-236-0077 | (630) 575-8181 |