UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> THOMAS EDWARD ADAMS and <br> PAMELA GRACE ADAMS, <br><br> Debtors. | NO. 13-38554 <br><br> Chapter 13 <br><br><br><br> Honorable Judge A. Benjamin Goldgar |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on March 13, 2015 at 9:30 a.m., the undersigned will appear before the Honorable A. Benjamin Goldgar at the **North Branch Court** (Round Lake Beach), 1792 Nicole Lane, Round Lake Beach, Illinois 60073and will then and there present the attached **DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AGAINST BANK OF AMERICA, N.A., ROUNDPOINT MORTGAGE SERVICING CORPORATION AND 25 CAPITAL PARTNERS, LLC,** at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, via First Class U.S. mail all parties on the service list except as to Brian T. Moynihan (Bank of America, N.A.) who was served via Certified Mail Return Receipt Requested on February 17, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:  /S/ PAUL M. BACH
Paul M. Bach, Esq.
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181

1

## SERVICE LIST

**Thomas Edward Adams**
**Pamela Grace Adams**
12877 Ruby Lane
Hot Springs, SD 57747

**Glenn B Stearns**
801 Warrenville Road
Suite 650
Lisle, IL 60532

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**Roundpoint Mortgage Servicing Corporation**
C/O RA Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, Illinois 62703

**W. David Worrall, President**
Roundpoint Mortgage Servicing Corporation
5016 Parkway Plaza Blvd #200
Charlotte, NC 28217

**Steve Bashmakov, Secretary**
Roundpoint Mortgage Servicing Corporation
5016 Parkway Plaza Blvd #200
Charlotte, NC 28217

**25 Capital Partners, LLC**
C/O RA Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

**25 Capital Partners, LLC**
10324 Ballantyne Corporate Place 425
Charlotte, NC 28277

**Johnson, Blumberg & Associates, LLC**
230 West Monroe Street, Suite 1125
Chicago, Illinois 60606

**John Charles Crees**
Kluever & Platt LLC
65 East Wacker Place
Suite 2300
Chicago, IL 60601

**Brian T. Moynihan, Chairman and CEO**
Bank of America, N.A.
100 North Tyron Street
Charlotte, NC 28202

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD ADAMS and PAMELA GRACE ADAMS | ) ) ) ) | |
| Debtors, | ) ) ) ) | Chapter 13 |
| | ) | Case No: 13-38554 |
| v. | ) ) | |
| BANK OF AMERICAN, N.A., ROUNDPOINT MORTGAGE SERVICING CORPORATION AND 25 CAPITAL PARTNERS, LLC | ) ) ) ) ) ) | Honorable Judge A. Benjamin Goldgar |
| Defendants. | ) | |

### DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AGAINST BANK OF AMERICA, N.A., ROUNDPOINT MORTGAGE SERVICING CORPORATION AND 25 CAPITAL PARTNERS, LLC

Now Come, THOMAS EDWARD ADAMS and PAMELA GRACE ADAMS ("Debtors"), by and through their attorneys, Paul M. Bach and Penelope N. Bach of Sulaiman Law Group, Ltd. and bringing this Motion Seeking Sanctions Pursuant to Fed. R. Bankr. P. 9020 for Civil Contempt for Violations of the Discharge Injunction against Bank of America, N.A. ("Bank of America"), Roundpoint Mortgage Servicing Corporation ("Roundpoint") and 25 Capital Partners, LLC ("25 Capital Partners") in support thereof, stating:

#### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 13 case under Title 11.

4

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtors consent to the entry of a final order by the Bankruptcy Judge.

3. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

### PARTIES

4. Thomas Edward Adams was a Joint Debtor under Chapter 13 of Title 11 of the United States Code in Case Number 13-38554 filed September 30, 2013.

5. Pamela Grace Adams was a Joint Debtor under Chapter 13 of Title 11 of the United States Code in Case Number 13-38554 filed September 30, 2013.

6. At all times relevant to the action, Bank of America, N.A. was and is a National Association with its principal place of business in Charlotte, North Carolina. Bank of America, N.A. conducts and transacts business in the State of Illinois.

7. At all times relevant to the action, Roundpoint was and is a Florida Corporation with its principal place of business in Charlotte, North Carolina. Roundpoint conducts and transacts business in the State of Illinois.

8. At all times relevant to the action, 25 Capital Partners, LLC was and is a Florida Limited Liability Company with its principal place of business in Charlotte, North Carolina. 25 Capital Partners, LLC conducts and transacts business in the State of Illinois but is not authorized to do business in the State of Illinois as 25 Capital Partners, LLC is not registered with the Illinois Secretary of State.

## BANK OF AMERICA, ROUNDPOINT AND 25 CAPITAL PARTNERS' WILLFUL POST-DISCHARGE VIOLATIONS OF 11 U.S.C. §524(A)(2)

9. On or about November 16, 2009, Debtors, Thomas Edward Adams and Pamela Grace Adams, executed a Promissory Note in favor of Stearns Lending. Debtors on the same date executed a Mortgage that secured the Promissory Note against a piece of real property (hereinafter called "the subject loan").

10. This Subject Loan were related to the real property commonly known as 1308 20th Street, Zion, Illinois (hereinafter called the "subject property"). *See* Exhibit A, a true and correct copy of the Stearns Lending, Inc. mortgage with Mortgage Electronic Registration Systems, Inc. as the Mortgagee.

11. Stearns Lending, Inc. transferred the Subject Loan to Bank of America, N.A. ("Bank of America") via an Assignment of Mortgage on or about October 8, 2013. However, Bank of America serviced the subject loan for several years prior to the Assignment of Mortgage being filed with the Lake County Recorder of Deeds.

12. On September 30, 2013, Debtors filed a joint petition for bankruptcy relief under Chapter 13 of the U.S. Bankruptcy Code.

13. Debtors named Bank of America, N.A. as one of their creditors in the bankruptcy filing. Bank of America, N.A. received notice of Debtors' bankruptcy filing. *See* Exhibit B, a true and correct copy of the October 1, 2013 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines which was served by the Bankruptcy Noticing Center upon Bank of America, N.A. on October 3, 2013.

14. On September 30, 2013, the Debtors filed a Chapter 13 Plan which was served upon Bank of America by the Bankruptcy Noticing Center on October 3, 2013. *See* Exhibit C,

a true and correct copy of the September 30, 2013, Chapter 13 Plan and Proof of Mailing on October 3, 2013, by the Bankruptcy Noticing Center.

15. The September 30, 2013, Chapter 13 Plan proposed to pay $877.00 per month to the Chapter 13 Trustee for eighteen months with the subject real estate being surrendered being surrendered in full satisfaction of any claim of Bank of America, N.A.

16. On November 4, 2013, the Debtors filed a first modified Chapter 13 Plan which was served by the Bankruptcy Noticing Center upon Bank of America on November 7, 2013. *See* Exhibit D, a true and correct copy of the November 4, 2013, Chapter 13 Plan and Proof of Mailing on November 7, 2013, by the Bankruptcy Noticing Center.

17. The November 4, 2013, Chapter 13 Plan proposed to pay $877.00 per month to the Chapter 13 Trustee for eighteen months with the subject real estate being surrendered being surrendered in full satisfaction of any claim of Bank of America, N.A. On November 12, 2013, Bank of America filed an Agreed Motion to grant Relief from the Automatic Stay. *See* Exhibit E, a true and correct copy of the November 12, 2013, Motion for Entry of Stipulation granting Relief from Automatic Stay filed by Bank of America.

18. On December 13, 2013, Judge A. Benjamin Goldgar granted the Agreed Motion to grant Relief from the Automatic Stay. *See* Exhibit F, a true and correct copy of the Order granting Agreed Relief from the Automatic Stay.

19. On February 21, 2014, Judge A. Benjamin Goldgar confirmed the first modified Chapter 13 Plan attached as Exhibit D. *See* Exhibit G, a true and correct copy of the Order Confirming Plan.

20. The first Modified Chapter 13 Plan dated November 4, 2013 which was confirmed contained the following provision in Section G, paragraph one:

    Debtors are surrendering the real property located at 1308 20th Street, Zion, Illinois to Bank of America, N.A. in full satisfaction of its claims.

21. Bank of America did not file a Proof of Claim or Object to Confirmation of the Chapter 13 Plan that was confirmed.

22. On May 16, 2014, Chapter 13 Trustee Glenn B. Stearns filed a Notice of Completion of Plan Payments.

23. On June 3, 2014, Debtors received their bankruptcy discharge. *See* Exhibit H, a true and correct copy of the June 3, 2014 discharge order.

24. On September 19, 2014, attorneys for Bank of America, N.A., Johnson Blumberg & Associates, sent to the Debtors at the South Dakota address a letter and an unsigned "Consent Foreclosure Stipulation." The letter stated on behalf of Bank of America that to "achieve a consent judgment, please execute and send back to me the enclosed consent foreclosure stipulation." The Debtors signed the "Consent Foreclosure Stipulation" on September 25, 2014 and returned the document to Johnson, Bloomberg & Associates. *See* Exhibit J, a true and correct copy of the letter dated September 25, 2014 from Johnson, Bloomberg & Associates and the signed "Consent Foreclosure Stipulation" dated September 25, 2014.

25. On September 30, 2014, Bank of America sent the Debtors a Notice that the Servicing of the subject loan would be transferred from Bank of America to Roundpoint on or about October 21, 2014. The Notice from Bank of America stated, "As a result of your default on your mortgage loan, we made a claim for payment on FHA mortgage insurance. In connection with that claim, we assigned your mortgage loan to FHA. FHA sold your

mortgage loan to 25 Capital Partners, LLC which is now the new owner of your mortgage loan." *See* Exhibit I, a true and correct copy of the Notice of Change of Servicing from Bank of America dated September 30, 2014.

26. Exhibit I was sent by Bank of America not to the subject property but to a new address in South Dakota subsequent to the Debtors moving out of the subject property.

27. The "Consent Foreclosure Stipulation" was obtained by Johnson, Bloomberg & Associates for Bank of America who did not own the subject loan according to Bank of America's own Notice (Exhibit I).

28. On October 30, 2014, Bank of America sent the Debtors a Notice that the Servicing of the subject loan would be transferred from Bank of America to Roundpoint on or about October 20, 2014. *See* Exhibit K, a true and correct copy of the Notice of Change of Servicing from Roundpoint dated October 30, 2014.

29. On November 3, 2014, Roundpoint sent a Dunning letter to Debtors at their South Dakota address demanding immediate payment of $217,741.51. *See* Exhibit L, a true and correct copy of the Dunning letter from Roundpoint dated November 3, 2014.

30. On November 3, 2014, Roundpoint also began to send Statements for the Subject Loan even though the personal liability had been discharged and any deficiency waived as a result of the Consent Foreclosure Stipulation. *See* Exhibit M, a true and correct copy of the Statement dated November 3, 2014 demanding payment of $33,326.34 by December 1, 2014. The November 3, 2014 also demanded a monthly payment of $2,047.39 included in the $33,326.34.

31. On December 16, 2014, Roundpoint again sent a Statement for the Subject Loan even though the personal liability had been discharged and any deficiency waived as a result of

the Consent Foreclosure Stipulation. *See* Exhibit N, a true and correct copy of the Statement dated December 16, 2014 demanding payment of $35,578.73 by January 1, 2015. The December 16, 2014, Statement also demanded a monthly payment of $2,047.39 included in the $35,578.73.

32. On December 23, 2014, Roundpoint sent a Mortgage Assistance Letter to the Debtors. *See* Exhibit O, a true and correct copy of the Mortgage Assistance Letter dated December 23, 2014.

33. On January 16, 2015, Roundpoint sent another Statement for the Subject Loan even though the personal liability had been discharged and any deficiency waived as a result of the Consent Foreclosure Stipulation. *See* Exhibit P, a true and correct copy of the Statement dated January 16, 2015 demanding payment of $37,626.12 by February 1, 2015. The January 16, 2015 statement also demanded a monthly payment of $2,047.39 included in the $37,626.12.

34. When Debtors filed their joint Chapter 13 bankruptcy petition in 2013, Debtors believed that by the middle of 2014, they would be enjoying the fresh start guaranteed by the U.S. Bankruptcy Code.

35. However, as a direct result of Bank of America, Roundpoint and 25 Capital Partners' unlawful conduct, Debtors have been denied their fresh start.

36. Bank of America, Roundpoint and 25 Capital Partners' has consistently violated the discharge injunction entered on June 3, 2014 by the U.S. Bankruptcy Court for the Northern District of Illinois.

37. Moreover, as a direct result of Bank of America, Roundpoint and 25 Capital Partners' persistent, unlawful conduct, Debtors have experienced extreme emotional distress, loss of sleep, and undue stress and anxiety.

### STANDARD

38. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect upon discharged debts.

39. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

40. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.35 687, 692 (7th Cir. 2008).

41. "A creditor must maintain adequate procedures to prevent a violation of the discharge injunction." *In re Nassoko,* 405 B.R. 515, 521 (Bankr.S.D.N.Y.2009).

42. That the attempted collection by Bank of America, Roundpoint and 25 Capital Partners of a claim discharged by the plan indicates a intention by Bank of America, Roundpoint and 25 Capital Partners to ignore the Bankruptcy Code and continue to collect a discharged debt.

43. "Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the

defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987). "Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code." *In re Medlin*, 201 B.R. 188 (Bankr.E.D.Tenn.1996).

44. "In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure." *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill 1994).

### ARGUMENT

45. The actions of Bank of America, Roundpoint and 25 Capital Partners are in violation and contempt of the Order of Discharge entered by this Honorable Court on June 3, 2014.

46. The Discharge Order expressly states that "the discharge prohibits any act to collect from the debtor a debt has been discharged." *Id.* Failure to release a mortgage is an act to collect a debt.

47. There is no question that the Discharge Order is an unambiguous command.

48. Bank of America, Roundpoint and 25 Capital Partners, through its repeated efforts to unlawfully collect the subject debt clearly did not make a reasonable and diligent effort to comply with the Discharge Order.

49. Bank of America, Roundpoint and 25 Capital Partners repeatedly and unlawfully attempted to coerce the Debtors to pay the discharged subject debt. Bank of America, Roundpoint and 25 Capital Partners' conduct represents violations of the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) and constitutes civil contempt of bankruptcy court orders.

50. Bank of America, Roundpoint and 25 Capital Partners' actions in seeking to collect on the subject debt after the Debtors' lawful discharge amounts to a flagrant and willful disregard to the discharge injunction as set forth in 11 U.S.C. § 524(a)(2).

51. Bank of America, Roundpoint and 25 Capital Partners' conduct was persistent and pervasive; it is clear that at no time did Bank of America, Roundpoint and 25 Capital Partners implement any systems to prevent its ongoing violation of the Discharge Order.

52. It is Bank of America, Roundpoint and 25 Capital Partners regular business practice to ignore Discharge Orders, even after repeated notifications of the Debtors' discharge.

53. The Debtors have experienced extreme emotional distress, loss of sleep, and undue stress and anxiety as a direct result of Bank of America, Roundpoint and 25 Capital Partners' persistent violations of the Discharge Order.

54. To protect its authority and as well as to give debtors the relief that Congress contemplated, the Court should act promptly and firmly to stop conduct that violates the discharge injunction.

55. In order to protect the spirit of bankruptcy discharges as contemplated by Congress, this Court must impose civil contempt sanctions against Bank of America, Roundpoint and 25 Capital Partners for its brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees.

**WHEREFORE,** the Debtors having set forth their claims for relief against Bank of America, Roundpoint and 25 Capital Partners respectfully pray of the Court as follows:

a. That this Honorable Court enter an order finding Bank of America, Roundpoint and 25 Capital Partners in civil contempt for violations of 11 U.S.C. § 524;

b. That this Honorable Court enter an order directing Bank of America, Roundpoint and 25 Capital Partners to pay actual damages in a sum determined by the Court for violations of 11 U.S.C. § 524;

c. That this Honorable Court enter an order directing Bank of America, Roundpoint and 25 Capital Partners to pay punitive damages in a sum determined by the Court for violations of 11 U.S.C. § 524;

d. That this Honorable Court enter an order directing Bank of America, Roundpoint and 25 Capital Partners to pay a sum determined by the Court for all reasonable legal fees and expenses incurred by their attorney for violations of 11 U.S.C. § 524; and

e. That this Honorable Court enter an order granting Debtors such other and further relief as the Court may deem just and proper.

Dated: February 17, 2015                    Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq.
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181