# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| THOMAS EDWARD ADAMS and ) | |
| PAMELA GRACE ADAMS, ) | |
| ) | No. 13-38554 |
| Debtors. ) | |
| ) | Chapter 13 |
| ) | |
| ) | Hon. Judge A. Benjamin Goldgar |
| ) | |

## NOTICE OF MOTION

To:   See Attached Service List

PLEASE TAKE NOTICE that on **September 11, 2015, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge A. Benjamin Goldgar at the North Branch Court (Round Lake Beach), 1792 Nicole Lane, Round Lake Beach, Illinois 60073, and shall then and there present the Motion of Bank of America, N.A. to Vacate Order of Default, a copy of which is being served upon you with this Notice.

Respectfully submitted,

BANK OF AMERICA, N.A.


   /s/   Travis J. Eliason
One of its attorneys


Travis J. Eliason, Esq. (ARDC #6299722)
travis.eliason@quarles.com
Christopher J. Zdarsky (ARDC #6304382)
christopher.zdarsky@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL  60654
(312) 715-5000 – Telephone
(312) 715-5155 – Facsimile

## **PROOF OF SERVICE**

I, Travis J. Eliason, an attorney, hereby certify that I served a copy of this notice and the attached motion in the following fashion and on the following parties:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on September 8, 2015:

Paul M. Bach
Counsel for Debtors
ecfbach@gmail.com
paul@bachoffices.com

Mohammed O. Badwan
Counsel for Debtors
mbadwan@sulaimanlaw.com

Nathan C. Voheim
Counsel for Debtors
courtinfo@sulaimanlaw.com

John Charles Crees
Counsel for Bank of America, N.A.
jcrees@pilgrimchristakis.com

Robert W. Brunner
Counsel for Roundpoint Mortgage Servicing Corp.
And 25 Capital Partners LLC
brunnerr@bryancave.com

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, Illinois 60604
USTPRegion11.ES.ECF@usdoj.gov

Glenn B. Stearns
Trustee
mcguckin_m@lisle13.com


    /s/    Travis J. Eliason

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | |
| THOMAS EDWARD ADAMS and ) | |
| PAMELA GRACE ADAMS, ) | |
| ) | No. 13-38554 |
| Debtors. ) | |
| ) | Chapter 13 |
| ) | |
| ) | Hon. Judge A. Benjamin Goldgar |
| ) | |

**MOTION TO VACATE ORDER OF**
**DEFAULT AGAINST BANK OF AMERICA, N.A.**

NOW COMES Bank of America, N.A. ("BANA"), by and through its attorneys, Quarles & Brady LLP, and hereby moves this Honorable Court pursuant to FED. R. CIV. P. 55(c) to vacate the order of default entered against it on August 21, 2015 [Doc. # 42] and for leave to file its response to Debtors' Motion Pursuant to FED. R. BANKR. P. 9020 Seeking Sanctions For Civil Contempt for Violations of the Discharge Injunction Against Bank of America, N.A., Roundpoint Mortgage Servicing Corporation ("Roundpoint") and 25 Capital Partners, LLC ("Capital Partners") [Doc. # 32] ("Debtors' Motion"). In supports of its motion, BANA states as follows:

**Introduction**

1.  Debtors' Motion seeks sanctions against BANA, Roundpoint, and Capital Partners for alleged debt collection activities which purportedly occurred after Debtors received a Chapter 13 discharge on June 3, 2014 [Doc. # 27]. However, Debtors do not point to a single action by BANA which would possibly constitute a violation of the discharge injunction under

3

Section 11 U.S.C. § 524(a)(2). In fact, Debtors acknowledge that the subject loan was transferred to a new owner in late 2014. Nevertheless, Debtors repeatedly attempt to shoehorn BANA with Roundpoint and Capital Partners by alleging, in conclusory fashion, that "Bank of America, Roundpoint and 25 Capital Partners" attempted to collect on the debt.

2. Even taking Debtors' Motion at face value[1], none of the allegations set forth therein establishes any violation by BANA of the discharge injunction. Accordingly, for the reasons set forth below, the order of default entered with respect to Debtors Motion [Doc. # 42] should be vacated and BANA should be afforded the opportunity to respond to Debtors' Motion.

**Background**

3. On September 30, 2013, Debtors filed their Chapter 13 Petition, therein identifying BANA as a creditor holding a secured claim with respect to the property commonly known as 1308 20th Street, Zion, Illinois 60099 (the "Property").

4. On December 13, 2013, this Court entered an Agreed Order [Doc. # 18] between Debtors and BANA modifying the automatic stay with respect to the Property.

5. On June 3, 2014, this Court entered an Order [Doc. # 27] granting the Debtors a discharge under Section 1328(a) of the Bankruptcy Code.

6. On or about September 25, 2014, Debtors executed a consent foreclosure stipulation in order that BANA could proceed with the foreclosure of the mortgage encumbering the Property. Debtors' Motion, ¶ 24.

7. On or about September 30, 2014, BANA informed Debtors that the subject loan had been sold to 25 Capital Partners, LLC and would be serviced by Roundpoint. *Id.* at ¶ 25, Exhibit I.

---

[1] BANA does not concede the truth of the allegations set forth in Debtors' Motion; however, even if those allegations are proven true, Debtor still fails to state a basis for relief against BANA, and, accordingly, BANA will assume the truth of those allegations solely for purposes of this Motion, unless otherwise indicated.

4

8. On or about October 30, 2014, Roundpoint sent Debtors notification that the servicing of the subject loan had been transferred to Roundpoint. *Id.* at ¶ 28, Exhibit K.

9. Thus, as of October 3, 2014 (the date of execution of the Assignment of Mortgage executed by BANA in favor of the Secretary of Housing and Urban Development and recorded with the Lake County Recorder of Deeds as document number 7152728), BANA no longer owned or serviced the subject loan, and it is thereafter that Debtor claims that: (a) Roundpoint sent a dunning letter on November 3, 2014 (*id.* at ¶ 29); and (b) Roundpoint began sending statements, demands, and other correspondence related to the subject loan beginning November 3, 2014 (*id.* at ¶ 30-3).

10. Debtors have raised no allegation that BANA attempted to collect on the subject loan and BANA should be given the opportunity to fully defend against Debtors' Motion.

**Argument**

**I.    Standard.**

11. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). "In order to vacate an entry of default the moving party must show: (1) good cause for delay (2) quick action to correct it and (3) meritorious defense to plaintiffs complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994).

12. The test for setting aside a default is more liberally applied when dealing with an entry of default prior to entry of default judgment. *See Pretzel,* 28 F.3d at 44-45 (citations omitted); *Connecticut Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 885 (7th Cir. 1990) (citations omitted) (practical considerations that support a strong presumption against the reopening of final decisions are not in play).

13. The Seventh Circuit has ruled that Rule 55(c)'s "good cause" standard is "easier to satisfy" than Rule 60(b)'s mistake, inadvertence, and excusable neglect standard. *Sims v. EGA Products, Inc.,* 475 F.3d 865, 868 (7th Cir. 2007); *see also Redfield v. Continental Cas. Corp.,* 818 F.2d 596, 601 (7th Cir. 1987) (stating that good cause demands a lesser showing than "excusable neglect" in the context of an extension for time to appeal under Federal Rule of Appellate Procedure 4(a)(5)).

**A. There is good cause for BANA's delay because Debtors' Motion and related Motion for Default were sent to the wrong address for BANA's counsel and counsel failed to forward those Motions to BANA.**

14. A showing of "excusable neglect" can establish good cause for vacating the default. *Robb v. Norfolk & Western R.R. Co.,* 122 F.3d 354, 358-59 (7th Cir. 1997)). Even under the more stringent standard of Rule 60(b), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," including attorney carelessness, and it is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer. *Pioneer v. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 389-94 (1993).

15. Here, Debtors' Motion was filed on February 17, 2015 [Doc. # 32] and the related Motion for Default was filed August 10, 2015 [Doc. #41]. Both Motions were served by mail upon John Charles Crees of Kluever & Platt LLC. However, Mr. Crees has advised the undersigned counsel that he left Kluever & Platt in July 2014, and is currently employed by Pilgrim Christakis LLP. Thus, Debtor served its Motions to the attorney of record at the wrong address for a loan which BANA had not owned since October 3, 2014.

16. Mr. Crees has further advised BANA's counsel that he neither received nor forwarded Debtors' Motion to BANA, and that he was not actively forwarding ECF notifications

6

to BANA once his limited purpose in this matter - *i.e.* obtaining relief from the automatic stay - was completed. Further, Mr. Crees advised that Kluever and Platt's relationship with BANA has been terminated.

17.     BANA has advised the undersigned that, not surprisingly, BANA does not have in its servicing records any record of either Motion.

18.     BANA's Office of the CEO only received the Motion for Default on August 14, 2015. Nevertheless, BANA moved swiftly to retain counsel to defend its interests with respect to Debtors' Motion. BANA formally retained the undersigned counsel to represent it in the instant action on August 24, 2015. The undersigned counsel filed appearances on behalf of BANA on August 28, 2015 [Doc. ## 44 and 45] and immediately undertook its investigation into Debtors' Motion a week earlier on or about August 21, 2015, when the case was initially referred by BANA. On or about September 4, 2015, the undersigned counsel contacted Debtors' counsel by telephone to discuss Debtors' theory as to its purported claim against BANA, as well as to discuss an informal resolution to Debtors' Motion.

19.     For the reasons stated above, BANA should not be precluded from defending against Debtors' Motion.

**B.     BANA has a meritorious defense to Debtors' Motion because Debtor has failed to allege any facts with respect to BANA that could constitute a discharge injunction violation.**

20.     BANA has a meritorious defense to Debtors' Motion: Debtors' own allegations fail to establish that BANA conducted any activity which violates Section 524(a).

21.     A meritorious defense "is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and

7

factual basis." *Sullivan v. General Plumbing, Inc.,* No. 06 C 2464, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007), *quoting Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir. 1994).

22. Pursuant to Section 524(a) of the Bankruptcy Code, a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived". 11 U.S.C. § 524(a).

23. Debtors received their discharge on June 3, 2014. The only allegations Debtor makes with respect to BANA after that date are that: (a) BANA sent Debtors' a Consent Foreclosure Stipulation, which Debtors executed and returned to BANA (Debtors' Motion, ¶ 24); and (b) BANA sent Debtors a notice that the subject loan had been sold to Capital Partners (*id.* at ¶ 25), which it is required by law to send to Debtors. Neither allegation constitutes an attempt to collect a debt or any other act prohibited under Section 524(a).

24. The actual meat of Debtors' Motion is the demand, statements, and other correspondence sent by Roundpoint to Debtors beginning in November 2014. However, BANA was not the owner or servicer of the loan at that point.

25. To overcome this glaring deficiency, Debtor simply lumps BANA in with Roundpoint and Capital Partners on a repeated basis, claiming that "Bank of America, Roundpoint and 25 Capital Partners": (a) engaged in "unlawful conduct" (*id.* at ¶ 35); (b) "consistently violated the discharge injunction" (*id.* at ¶ 36); (c) have caused Debtors "extreme emotional distress, loss of sleep, and undue stress and anxiety" (*id.* at ¶ 37); and (d) "attempted collection" (*id.* at ¶ 42).

26. There is no explanation in the Motion how a consent foreclosure stipulation, which Debtors' voluntarily executed, or a notice that the subject loan was transferred, could

8

possibly constitute a violation of Section 524(a). Instead, Debtors are apparently attempting to impute the post-discharge actions of the owner and servicer upon BANA, who did not own or service loan at the time of the purported violations.

27. Debtors do not allege that BANA sent any correspondence to Debtors demanding immediate payment of any amounts due and owing under the subject loan. Debtors' allegations regarding actions that might constitute violations of the discharge order are directed exlusively at Capital Partners and Roundpoint.

### Conclusion

28. BANA should not be held liable for the alleged actions taken by BANA's successors. Debtors have failed to raise any allegation against BANA that would constitute a violation of Section 524(a), and BANA respectfully requests the opportunity to respond to Debtors' Motion.

WHEREFORE, Bank of America, N.A., requests that this Honorable Court vacate the order of default entered against it on August 21, 2015 [Doc. # 42] and give Bank of America, N.A. leave to file its response by September 18, 2015 to Debtors' Motion Pursuant to FED. R. BANKR. P. 9020 Seeking Sanctions For Civil Contempt for Violations of the Discharge Injunction Against Bank of America, N.A., Roundpoint Mortgage Servicing Corporation and 25 Capital Partners, LLC [Doc. # 32].

Dated: September 8, 2015                              Respectfully submitted,

                                                      BANK OF AMERICA, N.A.

                                                      By:   */s/* Travis J. Eliason
                                                            One of Their Attorneys

Travis J. Eliason, Esq. (ARDC #6299722)
travis.eliason@quarles.com
Christopher J. Zdarsky (ARDC #6304382)
christopher.zdarsky@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL  60654
(312) 715-5000 – Telephone
(312) 715-5155 – Facsimile


QB\36518601.2